IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| | ) | |
| Plaintiff, | ) | CV-06-1410-ST |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COUNTY OF MONTGOMERY, et al, | ) | |
| | ) | |
| Defendants | ) | |

STEWART, Magistrate Judge:

**I. <u>Filing Fee</u>**

Pursuant to 28 USC § 1914, a party seeking to institute a civil action shall pay a filing fee of $150.00. An action may proceed without the prepayment of a filing fee only upon a proper application to proceed *in forma pauperis*. *See* 28 USC § 1915.

Plaintiff neither paid the filing fee nor submitted an application to proceed *in forma*

1 - ORDER

*pauperis*. Accordingly, IT IS ORDERED that plaintiff shall submit a filing fee or an application to proceed *in forma pauperis* within 30 days of the date of this order. Plaintiff's failure to do so will result in the dismissal of this action.

The Clerk of the Court is DIRECTED to send plaintiff a form application to proceed *in forma pauperis* with this Order.

## II. Jurisdiction

Plaintiff is advised that in order for his case to proceed in this court, he must allege why this court has subject matter jurisdiction and also allege that this court has personal jurisdiction over the defendants. To assist plaintiff in overcoming these obstacles, this court provides the following advice.

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221, 1225 (9th Cir 1989). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331, or on diversity of citizenship, involving suits involving more than $75,000 between citizens of different states, 28 USC § 1332.

To invoke federal question jurisdiction, plaintiff must plead that defendants have violated some constitutional or statutory provision. However, plaintiff is cautioned that federal question

jurisdiction is unavailable if the federal claim upon which it is based is patently without merit. *Yokeno v. Mafnas*, 973 F2d 803, 808 (9th Cir 1992). Here plaintiff does not allege any claims that invoke federal question jurisdiction.

Diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Pullman Co. v. Jenkins*, 305 US 534, 541 (1939). To establish diversity jurisdiction, plaintiff must allege that he resides in the State of Oregon, that all of the defendants reside in other states, and that plaintiff seeks damages of more than $75,000.

If it appears from the allegations in the Complaint that this court lacks subject matter jurisdiction, then Rule 12(h) of the Federal Rules of Civil Procedure requires the court to dismiss the Complaint.

### B. Personal Jurisdiction

Even if the court has subject matter jurisdiction, it also must have personal jurisdiction over a defendant whenever a judgment is sought against a defendant personally, such as for money damages or an injunction. Plaintiff has the burden to allege and prove sufficient facts to establish personal jurisdiction over defendants. *Brainerd v. Governors of the Univ. of Alberta*, 873 F2d 1257, 1258 (9th Cir 1989). "[A] federal district court can assert personal jurisdiction to the extent authorized by a particular federal statute governing service of process for the action being heard or, where no such particularized statute applies, to the extent authorized by the law of the state in which the district court sits." *T.M. Hylwa, M.D., Inc. v. Palka*, 823 F2d 310, 312 (9th Cir 1987). Since there is no particular federal statute which governs service of process for the action alleged here, Oregon law applies.

Oregon permits a court to exercise jurisdiction over any party so long as "prosecution of

3 - ORDER

the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." ORCP 4L. Oregon's long-arm statute is coextensive with the limits of federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F2d 758, 760 (9th Cir 1990). Thus, plaintiff must establish that jurisdiction is proper under Oregon's long arm statute and that it comports with the requirements of due process. *Lake v. Lake*, 817 F2d 1416, 1420 (9th Cir 1987).

A federal court can exercise general personal jurisdiction as to persons domiciled within the forum state at the time the action is commenced. *Milliken v. Meyer*, 311 US 457 (1940). In other words, this court has personal jurisdiction over residents of the state of Oregon.

With respect to a defendant who does not reside in Oregon, plaintiff must allege and prove this court has either general jurisdiction or specific jurisdiction over that defendant. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F2d 834, 839 (9th Cir 1986). General jurisdiction exists when a defendant has "continuous and systematic" or "substantial" contacts with the forum state. *British American Ins. Co.*, 828 F2d at 1442; *Lake*, 817 F2d at 1420. To establish specific jurisdiction, a three-part test must be satisfied: "1) the nonresident defendant must have <u>purposefully availed</u> himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must <u>arise out of</u> or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be <u>reasonable</u>." *Roth v. Garcia Marquez*, 942 F2d 617, 620-21 (9th Cir 1991) (emphasis in original). The plaintiff must establish each of these factors for jurisdiction to lie. *McGlinchy v. Shell Chem. Co.*, 845 F2d 802, 817-l8 n.10 (9th Cir 1988); *see also Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F2d 1392, 1397 (9th Cir 1986) (plaintiff bears burden of proving jurisdiction).

In other words, plaintiff's claims against nonresident defendants must arise out of their activities in Oregon.  In the absence of any attempt to show that such defendants purposefully availed themselves of the privilege of conducting activities in Oregon, claims against such defendants must be dismissed for lack of personal jurisdiction.  *See, e.g., Sher v. Johnson*, 911 F2d 1357, 1361 (9th Cir 1990); *Sanders v. United States*, 760 F2d 869, 871 (8th Cir 1985) (affirming dismissal under 28 USC § 1915(d) for want of personal jurisdiction)

It appears from the allegations in the Complaint that all of the acts by defendants occurred in Alabama, not in Oregon.  Therefore, the defendants would not be subject to personal jurisdiction in Oregon and should be dismissed.  To obtain personal jurisdiction over defendants, it appears that plaintiff should file his case in Alabama.

DATED this 16th day of October, 2006.

/s/  Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

5 - ORDER